**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D. N.Y

★ AUG 23 2012 ★

LONG ISLAND OFFICE

| | |
|---|---|
| Charles Thomas. on behalf of himself and all others similarly situated,  ) ) ) | |
| Plaintiff,  ) ) | NO.  **SUMMONS ISSUED** |
| v.  ) ) | |
| American Service Finance Corporation d/b/a Merchants Interstate Collection Agency  ) ) ) | CLASS ACTION  **CV-12 4235** |
| Defendant.  ) | JURY DEMANDED |

**CLASS ACTION COMPLAINT FOR VIOLATIONS**
**OF THE FAIR DEBT COLLECTION PRACTICES ACT**

*Introduction*

1.  Plaintiff, CHARLES THOMAS files this Complaint seeking redress for the illegal practices of Defendant, in connection with the collection of alleged debts owed by consumers in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

*Jurisdiction and Venue*

2.  This Court has federal question jurisdiction under 28 U.S.C. § 1331 because this action arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

3.  Declaratory relief is available under 28 U.S.C. §§ 2201 and 2202.

4.  Venue is proper in this district under 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

5.  Venue is also proper in this district since Defendant can be found, has agents or transacts business in this district, and the interests of justice require maintenance of this action in this district.

### *Parties*

6. The Plaintiff, CHARLES THOMAS, was a citizen of New York at all times relevant to this complaint.

7. Plaintiff is a "consumer," as that term is defined by §1692(a)(3) of the FDCPA.

8. The alleged debt Defendant sought to collect from Plaintiff is a consumer debt, as defined by §1692a(5) of the FDCPA, in that it was originally incurred for personal, family or household purposes. The alleged debt was incurred for the karate lessons. Plaintiff disputes the alleged debt. The alleged debt may be referred to herein as a "debt" or an "alleged debt" irrespective of the dispute.

9. Defendant American Service Finance Corporation (ASF) does business as Merchants Interstate Collection Agency.

10. When collecting debts, Defendant American Service Finance Corporation uses the name Merchants Interstate Collection Agency.

11. Merchants Interstate Collection Agency is owned entirely by American Service Finance Corporation.

12. Defendant is regularly engaged in the collection of debts allegedly owed by consumers through correspondence and telephone calls and is a "debt collector" as defined by §1692(a)(6) of the FDCPA.

### *Factual Allegations Regarding Plaintiff's Receipt of Defendant's Form Collection Letter*

13. Plaintiff incurred the alleged debt to a company called Marital Arts America pursuant to a contract. .

14. For justifiable reasons that are not relevant to this action, Plaintiff defaulted on the payments called for under the contract.

15. At some point Marital Arts America assigned the right to collect the alleged debt to the Defendant ASF.

16. In or around June 18, 2012 the Plaintiff was sent the letter attached as Exhibit A hereto.

17. Exhibit A was mailed to the Plaintiff by Defendant.

18. Plaintiff received Exhibit A at his residence in New York.

19. The letterhead of Exhibit A indicates that it came from a company called Merchants Interstate Collection Agency.

20. Exhibit A does not indicate that ASF is associated in any way with Merchants Interstate Collection Agency.

21. Exhibit A indicates that Merchants Interstate Collection Agency is a debt collection agency.

22. Exhibit A indicates that the creditor is Marital Arts America.

23. Exhibit A does not indicate that Marital Arts America assigned the debt to ASF.

24. On information and belief, Exhibit A letter is a form letter, and Defendant sent form letters containing virtually identical text to hundreds of New York consumers.

25. The content of Exhibit A letter violated one or more provisions of the Fair Debt Collection Practices Act, 15 USC 1692 et seq.

### *Class Action Allegations*

26. Plaintiff brings the following Count on behalf of himself and a Class. The Class consists of all consumers in New York who, according to Defendant's records: (a) within one

year before the filing of the complaint (b) were sent collection letters by Defendant in a form materially identical or substantially similar to Exhibit A; and (c) which were not returned by the postal service as undelivered.

    27. The claims asserted in this case satisfy the requirements of Rule 23(a) because:

    (A)    Based on the fact that the collection letters at the heart of this litigation are mass-mailed form letters, the Class is so numerous that joinder of all members is impracticable.

    (B)    There are questions of law and fact common to the Class and these questions predominate over any questions affecting only individual Class members. The principal questions presented by this claim is whether the form of the letter represented by Exhibit A is false and deceptive as defined by the 15 USC §1692e and applicable subdivisions; and whether Exhibit A complies with the notice provisions required by 15 USC 1692g.

    (C)    The only individual issue is the identification of the consumers who received the letters, (*i.e.*, the Class members), a matter capable of ministerial determination from the Defendant's records.

    (D)    The Plaintiff's claims are typical of those of the Class members. All are based on the same facts and legal theories.

    (E)    Plaintiff will fairly and adequately represent the Class members' interests. Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. Plaintiff's interests are consistent with those of the Class members.

28. Class action treatment is appropriate under Rule 23(b)(3) because questions of fact or law common to the members of the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of the Class members' claims.

29. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. §1692k.

30. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

31. Prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications, resulting in the establishment of inconsistent or varying standards for the parties, and would not be in the interest of judicial economy.

32. If the facts are discovered to be appropriate, Plaintiff will seek to certify the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## COUNT I

### *Violations of the Fair Debt Collection Practices Act Brought by Plaintiff Individually, and on Behalf of the Class*

33. Plaintiff restates, realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

34. This Count is brought on behalf of the Plaintiff, individually, and on behalf of the Class defined above.

### *Violations of §1692e of the Fair Debt Collection Practices Act*

35. Collection letters, such as those sent by Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

36. Section 1692e of the Fair Debt Collection Practices Act, and subdivisions thereto prohibit debt collectors from engaging in any false or deceptive act.

37. Section 1692e of the Fair Debt Collection Practices Act, and subdivisions thereto, require debt collectors to provide certain notices to consumers.

38. By mailing Exhibit A to Plaintiff, and the other class members, Defendant violated the FDCPA, 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(9) 15 U.S.C. § 1692e(10) in that Defendant misrepresented the source of the letter by not referencing ASF in any manner.

39. By mailing Exhibit A to Plaintiff, and the other class members, Defendant violated

5

the FDCPA, 15 U.S.C. § 1692e, and 15 U.S.C. § 1692e(10) by falsely indicating that Merchants Interstate Collection Agency is collecting the debt on behalf of Martial Arts America.

40. By mailing Exhibit A to Plaintiff, and other class members the Defendant also violated the FDCPA, 15 U.S.C. § 1692e, and 15 U.S.C. § 1692e(10) in that Exhibit A gives the false impression that there has been a change in the company that is collecting the alleged debt. Exhibit A falsely indicates that a company other than ASF is now collecting the debt, when in reality ASF and Merchants Interstate Collection Agency are one in the same. Defendant does this so as to give the consumer the false impression that the collection of the debt has become a more serious matter.

41. By mailing Exhibit A to Plaintiff, and other class members the Defendant also violated the FDCPA, 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2) 15 U.S.C. § 1692e(5), 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692f, and 15 U.S.C. § 1692f(1) in that the letter falsely indicates the Defendant is permitted to charge the consumer $29.00 as a "service fee" for "returned items." New York State General Obligations law 5-328 limits the fees for dishonored checks to $20.00.

42. By mailing Exhibit A to Plaintiff, and the other class members, Defendant violated the FDCPA, 15 U.S.C. § 1692g(a) by indicating that Martial Arts America was the creditor and failing to reference ASF.

43. By mailing Exhibit A to Plaintiff, and the other class members, Defendant violated the FDCPA, 15 U.S.C. § 1692g(a) failing to inform the Plaintiff that the 30 day period to dispute the debt begins to run from the date that the letter is received by the Plaintiff as is required by the statute.

WHEREFORE, Plaintiff asks that this Court enter judgment in his favor and on behalf of the Class, against Defendant as follows:

      (A)    Statutory damages as provided by §1692k of the FDPCA;

      (B)    Actual damages as provided by §1692k of the FDPCA;

      (C)    Attorneys' fees, litigation expenses and costs incurred in bringing this action;

      (D)    Declaratory and injunctive relief, declaring the form of the letter sent to Plaintiff and attached as Exhibit A hereto violates the FDCPA; and

      (D)    Any other relief this Court deems appropriate and just under the circumstances.

### *Demand for Jury Trial*

Please take notice that Plaintiff demands trial by jury in this action.

**Respectfully submitted,**

_____
**Joseph Mauro**

# EXHIBIT A



640 Plaza Drive, Suite 310, Highlands Ranch, CO 80129-2399
Telephone: (303) 986-6520 / 1-866-511-0765

LENA/CHARLES THOMAS                                6/18/2012
12 ELEANOR DRIVE
MASSAPEQUA, NY   11758

# FORMAL NOTICE

**CREDITOR :**    MARTIAL ARTS AMERICA
**ACCT    :**    #4915830                **Amount Due:**    769.00
                                         **Late Charge:**     .00
                                         **Total Due:**     769.00

The above-mentioned creditor has asked us to bring this past due account to your attention. This is to put you on notice that the above mentioned creditor reserves the right to report unpaid accounts to the reporting division of the credit bureau.

### It is imperative that you remit the full balance to this office by return mail or call our office today to make payment by phone at 303-986-6520.

MEMBER AMERICAN COLLECTOR'S ASSOCIATION
OVER 3500 OFFICES NATIONWIDE

ALL RETURNED ITEMS WILL BE CHARGED A $29.00 SERVICE FEE.

If you dispute the validity of this debt or any portion of it in writing within 30 days, we will mail verification of the debt to you. If you do not dispute the validity of this debt or any portion of it within 30 days, we will assume it is valid. At your request in writing within 30 days, we will provide you with the name and address of the original creditor if different from the current creditor. If you refuse to pay the debit or if you wish our agency to cease further communication and you so advise our agency in writing, we shall not communicate further with you except: A. To advise you that we intend to invoke specified remedies permitted by law or that we may invoke specified remedies, which we ordinarily invoke; or B. To advise you our efforts are being terminated. You, the consumer, have the right to request that Merchants Interstate Collection Agency cease all telephone communication to your place of employment.

FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION
PRACTICES ACT, SEE www.coloradoattorneygeneral.gov/ca.

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.