UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Charles Thomas on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | NO. **12-4235** |
| American Service Finance Corporation d/b/a Merchants Interstate Collection Agency | ) ) ) | CLASS ACTION |
| Defendant. | ) | JURY DEMANDED |

**AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS
OF THE FAIR DEBT COLLECTION PRACTICES ACT**

*Introduction*

1. Plaintiff, CHARLES THOMAS files this Amended Complaint seeking redress for the illegal practices of Defendant, in connection with the collection of alleged debts owed by consumers in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

*Jurisdiction and Venue*

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 because this action arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

3. Declaratory relief is available under 28 U.S.C. §§ 2201 and 2202.

4. Venue is proper in this district under 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

5. Venue is also proper in this district since Defendant can be found, has agents or transacts business in this district, and the interests of justice require maintenance of this action in this district.

1

*Parties*

6.     The Plaintiff, CHARLES THOMAS, was a citizen of New York at all times relevant to this complaint.

7.     Plaintiff is a "consumer," as that term is defined by §1692(a)(3) of the FDCPA.

8.     The alleged debt Defendant sought to collect from Plaintiff is a consumer debt, as defined by §1692a(5) of the FDCPA, in that it was originally incurred for personal, family or household purposes. The alleged debt was incurred for the karate lessons. Plaintiff disputes the alleged debt. The alleged debt may be referred to herein as a "debt" or an "alleged debt" irrespective of the dispute.

9.     Defendant American Service Finance Corporation (ASF) is a Colorado Corporation not licensed to do business in New York.

10.    ASF regularly engages in the collection of debts allegedly owed by consumers through correspondence and telephone calls.

11.    "Merchants Interstate Collection Agency" is a name used by American Service Finance Corporation (ASF) when attempting to collect a debt.

12.    "Merchants Interstate Collection Agency" does not exist other than as an pseudonym of ASF.

13.    On information and belief, ASF has not registered "Merchants Interstate Collection Agency" in New York as an assumed name.

14.    New York General Business Law § 130 required AFS to register "Merchants Interstate Collection Agency" in New York as an assumed name before ASF could do business in New York.

15.   "Merchants Interstate Collection Agency" is merely a name that ASF uses to give

consumers the false belief that a company other than ASF is collecting the alleged debt.

16. ASF uses the alias "Merchants Interstate Collection Agency" to deceive consumers.

17. By using the pseudonym "Merchants Interstate Collection Agency," ASF is pretending that a distinct collection agency has now taken over the account, and intends to give the consumer the false impression that the consumer will now be subjected to the travails of collection agency involvement.

18. If ASF begins collecting a debt before it goes into default then it stands in the shoes of the original creditor and is subject to regulations governing "creditors" under the 15 USC 1692a(6). *Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355, 359-360 (6th Cir. Ohio 2012). When Defendant ASF uses the pseudonym "Merchants Interstate Collection Agency," ASF becomes a debt collector under the 15 USC 1692a(6), in that ASF is a "creditor" who, in the process of collecting "its own debts", uses the name "Merchants Interstate Collection Agency" to give consumers the false impression that a third person is collecting the debt.

19. Alternatively, if ASF begins collecting a debt after it goes into default then it is a "debt collector" under 15 USC 1692a(6).

*Factual Allegations Regarding Plaintiff's*
*Receipt of Defendant's Form Collection Letters*

20. Plaintiff entered a contract with a karate school called Marital Arts America.

21. The contract called for Plaintiff to make monthly payments for karate lessons.

22. The contract called for the payments to be taken by ASF directly from the Plaintiff's checking account.

23. ASF did take some payments from the Plaintiff's bank account, but then, for justifiable reasons that are not relevant to this action, Plaintiff defaulted on the payments called for under the contract.

24. After Plaintiff's default, ASF first began to use the pseudonym "Merchants Interstate Collection Agency" to try to collect the defaulted debt.

25. In or around June 18, 2012 ASF mailed the Plaintiff the letter attached as Exhibit A hereto.

26. Plaintiff received Exhibit A at his residence in New York.

27. The letterhead of Exhibit A indicates that it came from a company called "Merchants Interstate Collection Agency."

28. Exhibit A does not indicate that ASF is associated in any way with "Merchants Interstate Collection Agency."

29. Defendant did not use the name "Merchants Interstate Collection Agency" during its relationship with Plaintiff until sending Plaintiff Exhibit A.

30. Defendant used the pseudonym "Merchants Interstate Collection Agency" to give the false impression that a third party was now involved in the process of collecting the defaulted debt.

31. Exhibit A indicates that "Merchants Interstate Collection Agency" is a debt collection agency.

32. Exhibit A indicates that the creditor is Marital Arts America.

33. On information and belief, Exhibit A letter is a form letter.

34. Exhibit A describes the alleged debt as follows:

**Amount Due**: 769.00
**Late Charge:** .00
**Total Due:** 769.00

4

35. The content of Exhibit A letter violated one or more provisions of the Fair Debt Collection Practices Act, 15 USC 1692 et seq.

36.  In or around July 23, 2012 Defendant ASF mailed the Plaintiff the letter attached as Exhibit B hereto.

37. Plaintiff received Exhibit B at his residence in New York.

38. The letterhead of Exhibit B indicates that it came from a company called "Merchants Interstate Collection Agency."

39.  Exhibit B does not indicate that ASF is associated in any way with "Merchants Interstate Collection Agency."

40. Defendant used the pseudonym "Merchants Interstate Collection Agency" on Exhibit B to give the false impression that a third party was now involved in the process of collecting the defaulted debt.

41.  Exhibit B described the alleged debt as follows:

**Amount Due**: 739.00
**Late Charge**:    30.00
**Total Due**:    769.00


## COUNT I

*Violations of the Fair Debt Collection Practices Act Brought by Plaintiff Individually, and on Behalf of the Class*

42. Plaintiff restates, realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

43. This Count is brought on behalf of the Plaintiff, individually, and on behalf of the Class defined above.

*Violations of §1692 of the Fair Debt Collection Practices Act*

44. Collection letters, such as those sent by Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

45. By mailing Exhibits A and B to Plaintiff, and the other class members, Defendant violated the FDCPA, 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(9) 15 U.S.C., § 1692e(10) and § and 1692e(14) in that Defendant misrepresented who the source of the letter by not referencing ASF in any manner. The letters indicate that the letters are coming from "Merchants Interstate Collection Company," a company that does not exist. ASF directly violates 15 U.S.C. § 1692e(14) by using a name other than their true name in attempting to collect a debt.

46. By mailing Exhibits A and B to Plaintiff, and the other class members, Defendant violated the FDCPA, 15 U.S.C. § 1692e,  15 U.S.C. § 1692e(10); and 15 U.S.C. § 1692e(14); by falsely indicating that "Merchants Interstate Collection Agency" was collecting the debt on behalf of Martial Arts America when in reality ASF was still collecting.

47. By mailing Exhibits A and B to Plaintiff, and other class members the Defendant also violated the FDCPA, 15 U.S.C. § 1692e, and 15 U.S.C. § 1692e(10) in that Exhibit A gives the false impression that there has been a change in the company that is collecting the alleged debt. Exhibit A falsely indicates that a company other than ASF is now collecting the debt, when in reality ASF is still collecting the debt. Defendant does this so as to give the consumer the false impression that the collection of the debt has become a more serious matter.

48. By mailing Exhibit A to Plaintiff, and other class members the Defendant also violated the FDCPA, 15 U.S.C. § 1692e,  15 U.S.C. § 1692e(2) 15 U.S.C. § 1692e(5), 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692f, and 15 U.S.C. § 1692f(1)  in that the letter falsely indicates

6

the Defendant is permitted to charge the consumer $29.00 as a "service fee" for "returned items." New York State General Obligations law 5-328 limits the fees for dishonored checks to $20.00.

49. By mailing Exhibit A to Plaintiff, and the other class members, Defendant violated the FDCPA, 15 U.S.C. § 1692g(a) failing to inform the Plaintiff that the 30 day period to dispute the debt begins to run from the date that the letter is *received* by the Plaintiff as is required by the statute.

50. By sending Exhibits A and B to the Plaintiff and class members the Defendant violated 15 U.S.C. § 1692e, e(2)(A),e(5),e(10), f, f(1), and g(a)(1) in that the Defendant illegally added a $30.00 fee to the amount of the alleged debt.

51. Exhibits A and B violate 15 U.S.C. § 1692e, e(2)(A), and e(10) in that they falsely representing the amount, of the alleged debt. This is also an unfair and unconscionable act under 15 U.S.C. § 1692f and 15 U.S.C. § 1692f(1).

52. Exhibits A and B violate 15 U.S.C. § 1692e, e(2)(B), and e(10), by falsely representing services rendered and compensation which may be lawfully received by Defendant for the collection of the alleged debt. This is also an unfair and unconscionable act under 15 U.S.C. § 1692f and 15 U.S.C. § 1692f(1).

53. Exhibits A and B violate 15 U.S.C. § 1692f and 15 U.S.C. § 1692f(1) by attempting to collect a fee that is not permitted by law, or authorized by an agreement.

54. Exhibit A violates 15 U.S.C. § 1692g(a)(1), by incorrectly stating the amount of the alleged debt. This is also an unfair and act under 15 U.S.C. § 1692f.

55. Exhibits A and B violate 15 U.S.C. § 1692e(5), by threatening to take an action that could not lawfully be taken in that the letters threaten to report the debt, including the illegal $30.00 fee to the credit reporting agency; and the letters threaten the Plaintiff with a lawsuit to

collect the entire debt, including the illegal $30.00 fee. This is also an unfair and act under 15 U.S.C. § 1692f.

56. The $30.00 fee was unearned, unreasonable, unconscionable, and bore no relation – reasonable or otherwise – to any actual damages incurred by Defendant or the Karate School.

57. Upon information and belief, Defendant arbitrarily created the $30.00 fee in an attempt to collect the illegal fee, and to simultaneously intimidate and scare Plaintiff into paying the principal balance.

*Class Action Allegations*

58. Plaintiff brings the following Count on behalf of himself and a Class. The Class consists of all consumers in New York who, according to Defendant's records:

(a) within one year before the filing of the complaint (b) were sent collection letters by Defendant that were not returned by the postal service as undelivered, that:

(c) indicated that the letter was from Merchants Interstate Collection Agency without noting in any way that Merchants Interstate Collection Agency was actually ASF;

(d) provided the consumer with the notices required by 15 USC 1692g but failed to note that the thirty day period provided consumers by 15 USC 1692g(a) begins to run upon the consumers receipt of the letter;

(e) imposed an unauthorized fee upon the consumer; and/or

(f) informed the consumer that the Defendant is permitted to charge the consumer $29.00 as a "service fee" for "returned items."

59. The claims asserted in this case satisfy the requirements of Rule 23(a) because:

(A) Based on the fact that the collection letters at the heart of this litigation are mass-mailed form letters, the Class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the Class and these questions predominate over any questions affecting only individual Class members. The principal questions presented by this claim is whether the form of the letter represented by Exhibits A and B are false and deceptive, unfair or unconscionable as defined by the 15 USC §1692 et seq. and; and whether Exhibit A complies with the notice provisions required by 15 USC 1692g.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.,* the Class members), a matter capable of ministerial determination from the Defendant's records.

(D) The Plaintiff's claims are typical of those of the Class members. All are based on the same facts and legal theories.

(E) Plaintiff will fairly and adequately represent the Class members' interests. Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. Plaintiff's interests are consistent with those of the Class members.

60. Class action treatment is appropriate under Rule 23(b)(3) because questions of fact or law common to the members of the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of the Class members' claims.

61. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. §1692k.

62. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

63. Prosecution of separate actions by individual Class members would create the risk of

inconsistent or varying adjudications, resulting in the establishment of inconsistent or varying standards for the parties, and would not be in the interest of judicial economy.

64. If the facts are discovered to be appropriate, Plaintiff will seek to certify the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff asks that this Court enter judgment in his favor and on behalf of the Class, against Defendant as follows:

    (A)    Statutory damages as provided by §1692k of the FDPCA;

    (B)    Actual damages as provided by §1692k of the FDPCA;

    (C)    Attorneys' fees, litigation expenses and costs incurred in bringing this action;

    (D)    Declaratory and injunctive relief, declaring the form of the letter sent to Plaintiff and attached as Exhibits A and B hereto violates the FDCPA; and

    (D)    Any other relief this Court deems appropriate and just under the circumstances.

*Demand for Jury Trial*

Please take notice that Plaintiff demands trial by jury in this action.

**Respectfully submitted**,

/s/ JOSEPH MAURO
**Joseph Mauro**
**The Law Office of Joseph Mauro**
**306 McCall Ave.**
**West Islip, NY 11795**

# EXHIBIT A



640 Plaza Drive, Suite 310, Highlands Ranch, CO 80129-2399
Telephone: (303) 986-6520 / 1-866-511-0765

LENA/CHARLES THOMAS                                              6/18/2012
12 ELEANOR DRIVE
MASSAPEQUA, NY   11758

# FORMAL NOTICE

**CREDITOR :**   MARTIAL ARTS AMERICA           **Amount Due:**   769.00
**ACCT     :**   #4915830                       **Late Charge:**      .00
                                                **Total Due:**    769.00

The above-mentioned creditor has asked us to bring this past due account to your attention. This is to put you on notice that the above mentioned creditor reserves the right to report unpaid accounts to the reporting division of the credit bureau.

**It is imperative that you remit the full balance to this office by return mail or call our office today to make payment by phone at 303-986-6520.**

MEMBER AMERICAN COLLECTOR'S ASSOCIATION
OVER 3500 OFFICES NATIONWIDE

ALL RETURNED ITEMS WILL BE CHARGED A $29.00 SERVICE FEE.

If you dispute the validity of this debt or any portion of it in writing within 30 days, we will mail verification of the debt to you. If you do not dispute the validity of this debt or any portion of it within 30 days, we will assume it is valid. At your request in writing within 30 days, we will provide you with the name and address of the original creditor if different from the current creditor. If you refuse to pay the debit or if you wish our agency to cease further communication and you so advise our agency in writing, we shall not communicate further with you except: A. To advise you that we intend to invoke specified remedies permitted by law or that we may invoke specified remedies, which we ordinarily invoke; or B. To advise you our efforts are being terminated. You, the consumer, have the right to request that Merchants Interstate Collection Agency cease all telephone communication to your place of employment.

FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION
PRACTICES ACT, SEE www.coloradoattorneygeneral.gov/ca.

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

# EXHIBIT B



**Merchants Interstate**
COLLECTION AGENCY

640 Plaza Drive, Suite 300, Highlands Ranch, CO 80129
Tel: 303-986-6520

LENA/CHARLES THOMAS
12 ELEANOR DRIVE
MASSAPEQUA, NY  11758

7/23/12

# WE ARE PROFESSIONAL COLLECTORS

**CREDITOR:** MARTIAL ARTS AMERICA
**ACCT#** 4915830

**Amount Due:** 739.00
**Late Charge:** 30.00
**Total Due:** 769.00

You have had sufficient time to answer our recent letter. We have no record of your reply or payment. At this time, we are recommending to your creditor that they continue efforts to collect this debt. The creditor listed above reserves the right to commence legal action against you.
If you wish to avoid this ongoing process, please send payment today.

**It is imperative that you remit the full balance, with this notice, to this office by return mail or call our office today to make payment by phone.**
**303-986-6520**
**Toll Free: 1-866-511-0765**

FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES
ACT, SEE www.coloradoattorneygeneral.gov/ca

This is an attempt to collect a debt. Any information obtained will be used for that purpose.